(February 11, 1924.)

BOISE OVERLAND COMPANY, a Corporation, Appellant, v. W. FEARN, Respondent.

[223 Pac. 534.]

CONTRACT OF SALE—REMEDIES OF VENDOR.

> Where a contract was made for the sale of an automobile and the vendee gave a check in part payment but upon the same day stopped payment on the check, whereupon the vendor placed the automobile back in stock and soon thereafter sold it to another purchaser in the regular course of business, the vendor cannot recover the purchase price from the first vendee.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action upon contract for sale of automobile. Judgment for defendant. *Affirmed.*

Frawley & Koelsch, for Appellant.

This evidence warrants the contention that the contract is a contract to sell specific goods; and, since the evidence fur-

ther shows that the seller did that which was agreed to be done to put the goods into deliverable state, the property in the automobile passed to the respondent, and he is liable to appellant for the purchase price thereof. (C. S., secs. 5691, subd. 2, and 5735; *Olin Co. v. Lambach,* 35 Ida. 767, 209 Pac. 277; *Bill v. Fuller,* 146 Cal. 50, 79 Pac. 592.)

Martin & Martin, for Respondent.

Where title has not passed and delivery has not been made or tendered no action for the purchase price can be maintained. (24 R. C. L., sec. 356, p. 90; *Pate v. Ralston,* 158 Iowa, 411, 139 N. W. 906, 51 L. R. A., N. S., 735; *Price v. Wiesner,* 83 Kan. 343, 111 Pac. 439, 31 L. R. A., N. S., 927.)

In an executory contract either party may stop performance subject to liability for damages. (*Badger State Lumber Co. v. Jones Lumber Co.,* 140 Wis. 73, 121 N. W. 933; *Wigent v. Marrs,* 130 Mich. 609, 90 N. W. 423; *Lincoln v. Ashuler Mfg. Co.,* 142 Wis. 475, 125 N. W. 908, 28 L. R. A., N. S., 780; *Woodman v. Blue Grass Land Co.,* 125 Wis. 489, 103 N. W. 236.)

BRYAN, Commissioner.—This is a suit brought by appellant to recover from respondent the amount of a certain check given by respondent to appellant on June 10, 1921. It is agreed that the amount represented by the check was to cover an advance payment on an automobile to be purchased by respondent from appellant. The auto was to be selected, equipped with certain accessories, and made ready to be delivered on the following day. On the afternoon of the day on which the check was delivered, respondent, by notice served on the bank upon which it was drawn, stopped payment thereon.

Appellant contends that the negotiations for the purchase of the car constituted a completed sale, and that title passed to the purchaser, respondent herein. Respondent contends that the transaction amounted only to an executory agreement to purchase, and that title to the car never passed to

respondent. It must be conceded that if respondent is correct in his contention, appellant cannot recover in this action. If appellant's contention is true, action will lie.

The agreement signed by the parties is, upon its face, no more than one to purchase a car to be delivered on the following day. There is some conflict in the evidence as to how and where delivery was to be made, and also as to whether delivery was actually made. We deem these controversies immaterial for the reason that appellant has dealt with the car as though the contract were only executory, and is bound by its own conduct in relation thereto. If, as contended by appellant in its brief, title passed to respondent upon the execution of the agreement, respondent would always remain the owner until divested of the title by appropriate legal proceedings or a sale thereof in accordance with the provisions of the statute. Appellant did not resort to such proceeding, nor is this suit brought to recover damages which appellant might have sustained through resale as provided in C. S., secs. 5725 and 5732. The evidence shows that appellant did not treat the transaction as a completed sale, hold the car subject to respondent's order, and sue for the purchase price. On the contrary, it placed the car back in stock and soon thereafter sold it in the regular course of business. Under such circumstances, appellant cannot recover from respondent the purchase price.

No rule or theory of law has been called to our attention which will authorize a vendor of goods, upon failure of payment therefor, to sell the same in the course of business, apply the proceeds to his own use, and then recover from the vendee the full value thereof. Section 5732, *supra,* provides for a resale upon the happening of certain events, in which case the seller's recovery is limited to the actual damage sustained. This is not a proceeding under this section, and no damage has been shown.

McCarthy, C. J., and Dunn and Wm. E. Lee, JJ., concur.

PER CURIAM.—The foregoing is hereby approved as the opinion of the court, and the judgment of the trial court is affirmed, with costs to respondent.